Benjamin A. Emmert, Bar No. 212157
bemmert@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street
7th Floor
San Jose, California  95113.2431
Telephone:    408.998.4150
Fax No.:      408.288.5686

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANU PRAKASH,<br><br>       Plaintiff,<br><br>       v.<br><br>WALMART INC, KIRAN REDDY AND DOES ONE THROUGH TWENTY,<br><br>       Defendants. | Case No.<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc. (hereinafter referred to as "Walmart") hereby removes this action from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), 1441(b) and 1446(a), (b), (d).

**I.    STATEMENT OF JURISDICTION.**

1.    This Court has original jurisdiction over this matter under the diversity of citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal because: Plaintiff Bhanu Prakash is a

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

Case No. _____

NOTICE OF REMOVAL

resident of the State of California; Defendant Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas; individual co-defendant Kiran Reedy is a sham defendant whose residence is disregarded for diversity; Plaintiff admits the amount in controversy exceeds $75,000; and this removal is timely.  This case is therefore properly removed by the filing of this Notice.

## II.    PLEADINGS, PROCESS, AND ORDERS.

2.    On June 26, 2024, Plaintiff Bhanu Prakash ("Plaintiff") filed a Complaint against Walmart and Mr. Reddy in the Santa Clara County Superior Court entitled: *Bhanu Prakash, Plaintiff, vs. Walmart Inc., Kiran Reddy and Does One through Twenty, Defendants*, Case No. 24CV441905 (hereinafter, the "Complaint").  See Declaration Of Benjamin A. Emmert In Support Of Defendant Walmart Inc.'s Notice Of Removal Of Civil Action To Federal Court On The Basis Of Diversity Jurisdiction (hereinafter referred to as "Emmert Decl."), ¶4, Exh. B.)  The Complaint asserts six (6) claims for relief for: (1) national origin discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of the FEHA; (3) negligent training and retention of an employee; (4) wrongful termination in violation of public policy; (5) fraud; and (6) negligent misrepresentation.  (*Id.*)

3.    Plaintiff seeks compensatory damages "in an amount up to ten million dollars"; "[s]pecial damages for emotional distress and pain and suffering, in an amount up to ten million dollars"; punitive damages; and attorneys fees.  (*Id.* at Prayer for Relief.)

4.    Walmart is named as a defendant in all six (6) claims for relief.  (Emmert Decl., Exh. B.)  Mr. Reddy is named as a defendant in the first, second, fifth, and sixth claims for relief.  (*Id.*)  As established below, however, Mr. Reddy is a sham defendant because he cannot be held individually liable under the first and second claims for relief and Plaintiff has not and cannot establish his fifth or sixth claims asserted against him.

5.    On October 28, 2024, Plaintiff served on Defendant Walmart, through its agent for service of process: (1) the Summons; (2) Complaint; and (3) Civil Case Cover Sheet.  See Emmert Decl., ¶5, Exhs. A to C.  Walmart had not previously been served with any summons or complaint related to this lawsuit.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

2                     Case No. _____

NOTICE OF REMOVAL

6. Defendants will file a responsive pleading with the State Court per FRCP81.

7. Pursuant to 28 U.S.C. § 1446(a), the documents attached as Exhibits A to C to the Emmert Decl. and filed with this Notice constitute all process, pleadings and orders served on Walmart or filed or received by Walmart in this action.

8. As of the date of this Notice of Removal, no parties other than Walmart or Mr. Reddy have been named in this action. (Emmert Decl., Exh. A, E.) As such, the Doe defendants do not have to join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. See 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F3d. 686, 690 (9th Cir. 1998).

9. As of the date of this Notice of Removal, only Walmart has been served. (Emmert Decl., ¶8.)

10. A Case Management Conference is currently scheduled for January 28, 2025, at 10:01 a.m. in Department 18b of the Santa Clara County Superior Court. (Emmert Decl., Exh. E.) To Walmart's knowledge, no proceedings related hereto have been heard in the Santa Clara County Superior Court.

**III.    TIMELINESS OF REMOVAL.**

11. This Notice of Removal is timely filed as it is filed within thirty (30) days of October 28, 2024, the date of service of the Summons and Complaint and the date Walmart received through service or otherwise this initial pleading setting forth the claim for relief on which this lawsuit is based, and within one year from the commencement of this action. See 28 U.S.C. § 1446(b). Emmert Decl., ¶5, Exh. A.

**IV.    DIVERSITY JURISDICTION.**

12. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . . .

13. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Walmart pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

3    Case No. _____

of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Plaintiff Is A Citizen Of California For Diversity.

14. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was domiciled in, or a resident of, the State of California. (Emmert Decl., Exh. B, ¶1); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [the state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); see also *Smith v. Simmons*, 2008 WL 744709*7 (E.D. Cal. 2008) (place of residence provides "*prima facie*" case of domicile).

15. Moreover, for diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); see also *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed).

### B. Walmart Is A Citizen Of Delaware and Arkansas For Diversity.

16. A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "nerve center" is located, or the place where the corporation's board and high level officers direct, control and coordinate its activities. See *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93, 96 (2010).

17. Defendant Walmart is incorporated in the State of Delaware. (Emmert Decl., Exh. D.) Walmart's principal place of business, *i.e.*, the "nerve center" where it performs executive and administrative functions, is located in Arkansas. *Id*. Consequently, Walmart is a citizen of Delaware and Arkansas, not California, for diversity.

### C. Defendant Reddy's Citizenship Should Be Disregarded For Diversity.

18. In situations such as here, where "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4 Case No. _____

NOTICE OF REMOVAL

diversity." *United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002) (concluding that fraudulently joined individual's citizenship was not relevant for purposes of diversity jurisdiction) (internal quotation omitted); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding removal based on diversity of citizenship was proper where plaintiff could not state a claim against individual defendant); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (affirming denial of motion to remand where "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against" two nondiverse managers). In other words, fraudulent joinder provides an exception to the requirement of complete diversity. *Morris*, 236 F. 3d at 1061; *Triggsv. John Crump Toyota, Inc.*, 154 F, 3d 1284, I287(11th Cir. 1998). In determining whether a defendant is fraudulently joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal, including information outside the pleadings. *McCabe*, 81 1 F.2d at 1339.

19. Plaintiff named Mr. Reddy in: (1) the first claim for relief for national origin discrimination in violation of the FEHA; (2) the second claim for retaliation in violation of the FEHA; (3) the fifth claim for fraud; and (4) the sixth claim for negligent misrepresentation. (Emmert Decl., Exh. B.)

20. Because Mr. Reedy is an individual working for a corporate employer, he cannot be held individually liable for discrimination or retaliation in violation of the FEHA as a matter of law. *Reno v. Baird* (1998) 18 Cal.4th 640, 656 (holding individuals cannot be held personally liable for discrimination under the FEHA); *Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008) (holding that supervisors and coworkers are not personally liable for their roles in the retaliation under the FEHA.)

21. Plaintiff's claims for alleged fraud and negligent misrepresentation against Mr. Reddy also fail. To establish unlawful fraud, Plaintiff must allege, *inter alia*, that the defendant made a false statement of fact that Plaintiff relied on to his detriment. Cal. Civ. Code §§ 1710(3), (4); *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407-408 (1992); *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). "[F]raud must be pled specifically; general and conclusory allegations do not suffice." *Lazar*, 12 Cal.4th at 645; *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1060 (2012).

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

5                    Case No. _____

22. This specificity requirement means every element of the cause of action for fraud must be alleged in full, factually and specifically. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332 (1986); *Cooper v Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The particularity requirement necessitates pleading facts showing "how, when, where, to whom, and by what means the representations were tendered." *Lazar*, 12 Cal.4th at 645; *Cooper,* 137 F.3d at 627 (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged.)

23. Plaintiff is also required to establish the "detriment proximately caused" by the defendant's tortious conduct. Cal. Civ. Code § 3333. This requires factual allegations of both the injury or damage suffered and its causal connection with plaintiff's reliance on defendant's representations. *Service By Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996); see *Moncada v. West Coast Quartz Corp.*, 221 Cal.App.4th 768, 776 (2013). Plaintiff cannot establish either.

24. Plaintiff alleges "Defendants made affirmative representations to Plaintiff as facts regarding the type of employment with them." Emmert Decl., Exh. B, ¶57. Specifically, Plaintiff claims Walmart initially offered him a position as a Senior Manager II, but when it hired him, it hired him into a Senior Manager I position. (Emmert Decl., Exh. B, ¶¶8-11, 13.) However, while Plaintiff specifically names Mr. Reddy in the Complaint, and the Complaint contains specific allegations regarding Mr. Reddy's alleged actions, Plaintiff does not claim Mr. Reddy made any of the alleged representations on which his fifth or sixth claims for relief are based. Rather, Plaintiff asserts the alleged actionable representations were made by some unidentified "recruiter from Walmart" and another unidentified Walmart employee(s). (Emmert Decl., Exh. B, ¶¶8, 11.) Plaintiff has therefore failed to allege any facts, let alone sufficient facts, to establish these claims against Mr. Reddy. Mr. Reddy is therefore a sham defendant who is disregarded for diversity.

25. In addition, Plaintiff's fraud and negligent misrepresentation causes of action fail because Plaintiff has not and cannot establish he suffered any legally compensable detriment as a result of any alleged representation. Plaintiff acknowledges he was unemployed at the time he accepted the position with Walmart. (*Id*. at ¶14.) He also acknowledges that he did not have any other employment offers that he forewent in accepting Walmart's offer. (*Id*. at ¶15.) Thus, he cannot show he sustained

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

6                    Case No. _____

any loss as a result of any alleged reliance on Walmart's alleged representations.

26.    Even if Plaintiff could amend his Complaint to allege some form or detrimental reliance based on the alleged statements by the unidentified Walmart employees regarding the job position he is being hired for, he still cannot establish his fraud or negligent misrepresentation claims against Mr. Reddy as he acknowledges Mr. Reddy's involvement in his employment did not start until long after he had accepted the Senior Manager I position.  (*Id*. at ¶¶8-16.)

Because Plaintiff has no legally viable claim for relief against Mr. Reddy, Mr. Reddy is a sham defendant who is disregarded in determining diversity.

### D.    The Citizenship Of The Doe Defendants Is Disregarded For Diversity Purposes.

27.    For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(a).

28.    As indicated above, defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### E.    Complete Diversity Of Citizenship Exists

29.    Because Plaintiff is a citizen of California, Walmart is a citizen of Delaware and Arkansas; and Mr. Reddy's citizenship is disregarded for diversity, complete diversity of citizenship exists here and this element of the Court's original jurisdiction is satisfied. See 28 U.S.C. § 1332(a).

### F.    Amount in Controversy.

30.    Where the amount in controversy is not specifically pled in the complaint, courts must look to the facts pled and estimate the amount in controversy, recognizing that what matters is the amount in controversy, not the amount of damages the plaintiff may ultimately recover, if any.  See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-401 (9th Cir. 2010) ("[t]he amount in controversy is simply an

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

7

Case No. _____

estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that court should not look to the ultimate or provable amount of damages when determining the amount in controversy, but to the amount plaintiff put in controversy based on his/her allegations); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (holding that defendant is not required to prove plaintiff's case). In estimating damages, courts "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

31.    A defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that a plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and his Prayer for Relief that the amount in controversy exceeds $75,000. See *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")

32.    As alleged in the Complaint, Plaintiff is seeking compensatory damages "in an amount up to ten million dollars." (Emmert Decl., Exh. B, Prayer for Relief.)

33.    Plaintiff also seeks damages for emotional distress "in an amount up to ten million dollars", which further demonstrates the jurisdictional prerequisite for removal of this action is met. (Emmert Decl., Exh. B, Prayer for Relief); See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).

34.    Plaintiff also seeks an award of reasonable attorneys' fees. When authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

8        Case No. _____

NOTICE OF REMOVAL

controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if the plaintiff were to prevail).  Plaintiff's counsel may request between $100,000 and $200,000 in attorneys' fees.

35.   Plaintiff also seeks punitive damages.  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F. Supp. 2d at 1009; *Simmons*, 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment discrimination cases have the potential for large punitive damages awards.  *Simmons*, 209 F. Supp. 2d at 1033.  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id*. at 334.  Although Walmart vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

36.   In sum, although Walmart asserts that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims exceed the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

Case No. _____

NOTICE OF REMOVAL

## V. VENUE

37.    Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of California, County of Santa Clara.

## VI. NOTICE OF REMOVAL

38.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: James Dal Bon, Wisdom Law Group APC, 1625 The Alameda, Suite 207, San Jose, CA 95126; telephone (408)915-3700.

39.    In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

WHEREFORE, Defendant Walmart prays that the Court remove this civil action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

We hereby attest that we have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document

Dated: November 24, 2024

LITTLER MENDELSON, P.C.


/s/ Benjamin A. Emmert
Benjamin A. Emmert

Attorneys for Defendant
Walmart Inc.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

10                   Case No. _____
NOTICE OF REMOVAL