Benjamin A. Emmert, Bar No. 212157
bemmert@littler.com
Brandon P. Macken, Bar No. 345748
bmacken@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113.2431
Telephone:    408.998.4150
Fax No.:        408.288.5686

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Bhanu Prakash,<br><br>                    Plaintiff,<br><br>            v.<br><br>Walmart Inc., Kiran Reddy and Does One through Twenty,<br><br>                    Defendants. | Case No.  24-CV-08376 NC<br><br>**DEFENDANT WALMART INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        April 29, 2026<br>Time:        11:00 a.m.<br>Dept:        Courtroom 5 (4th Floor) |

## I.    INTRODUCTION

In its moving papers, Walmart, Inc. ("Walmart") established it is entitled to summary judgment/partial judgment on all of Plaintiff's claims for relief.  Plaintiff has not raised a triable issue of material fact otherwise.  Indeed, the undisputed facts establish Walmart treated Plaintiff lawfully and appropriately at all times.  Walmart's motion must therefore be granted.

First, Plaintiff's national origin discrimination claim fails because Walmart terminated his employment due to his documented poor job performance, deficient performance that Plaintiff failed to correct despite being specifically notified of his performance issues through multiple verbal/written counseling sessions and at least two written disciplinary notices.  It was only after he failed to improve

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

his performance, that Walmart terminated his employment. Indeed, Plaintiff admitted he did not believe Walmart discriminated against him. (Emmert Decl., Exh. A, pp. 86:11-16, 118:25-119:24.)

In addition, the undisputed facts establish his manager, Mr. Kirwan Reddy, was involved in both the decision to hire him and the decision to terminate his employment. Because the same actor was involved in both decisions and they occurred in a short period of time, there is a very strong presumption of non-discrimination that Plaintiff has not and cannot overcome. Plaintiff's discrimination claim therefore fails.

Second, Plaintiff's retaliation claim fails because Walmart established that all of Plaintiff's alleged protected activity amounted to non-actionable complaints of personal grievances as they all relate to his meritless claim he was allegedly defrauded into accepting the Senior Manager I and not the Senior Manager II role.[1] (Opp., p. 6:6-11.) The FEHA does not apply to such fraud claims. Indeed, the fact his alleged protected activity is not subject to the FEHA is established by his admission that his claim that he was improperly offered the Senior Manager I role is based solely on his contention he should have been given the Senior Manager II role because he was interviewed for that role and, in his opinion, an interview equates with a firm offer. Moreover, as stated above, the undisputed evidence established Walmart terminated his employment because of his documented deficient job performance, a legitimate non-retaliatory business reason. Again, Plaintiff has not and cannot establish otherwise.

Third, Plaintiff's third claim for relief for wrongful termination fails for the same reason as his discrimination and retaliation claims.

Rather than establish any triable issue of fact, Plaintiff's Opposition makes clear his claims against Walmart have no merit. As stated above, Plaintiff admits his claims are all based on his meritless contention that he should have been hired as a Senior Manager II simply because Walmart interviewed him for that position and his own uncorroborated self-serving opinions of his job performance. Plaintiff's contentions are untenable. While Walmart interviewed Plaintiff for the Senior Manager II position, it determined he was not qualified for the role but offered him the Senior

---

[1] Plaintiff's Complaint originally asserted claims for relief for fraud and negligent misrepresentation. The Court dismissed both on Walmart's motion to dismiss on February 24, 2025. (Dkt. No. 21.)

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

2                    Case No. 24-CV-08376 NC

Manger I position. Plaintiff accepted that offer. There is nothing unlawful about offering an applicant a role other than one that they interviewed for. Moreover, Walmart presented substantial evidence that it terminated his employment for his deficient job performance. Its doing so is also not unlawful as a matter of law. Walmart's motion should therefore be granted.

## II.     LEGAL ARGUMENT

### A.     Walmart Is Entitled To Summary Judgment On Plaintiff's First Claim For Relief For National Origin Discrimination In Violation Of The FEHA.

Walmart established Plaintiff's first claim for relief is based on his allegation that Walmart allegedly discriminated against him because of his national origin and no other basis. (Compl., ¶36.) Walmart established Plaintiff's assertion is without merit.

While the FEHA makes it an unlawful employment practice for an employer to discriminate against an employee because of an employee's national origin, Plaintiff, failed to establish his national origin was any factor in Walmart's decision to terminate his employment. Cal. Gov. Code § 12940(a). Indeed, Walmart established Plaintiff cannot show a *prima facie* claim of discrimination and, even if he could, failed to establish Walmart's stated reason for terminating his employment was pretextual.

### 1.     Walmart Established Plaintiff Cannot State A *Prima Facie* Case Of Unlawful National Origin Discrimination And Plaintiff Failed To Establish A Triable Issue Of Material Fact Otherwise.

To show his *prima facie* case of national origin discrimination, Plaintiff must prove: (1) he is in a protected class; (2) he was performing his job competently; (3) he suffered an adverse employment action, such as termination; and (4) some other circumstance suggesting discriminatory motive, such as similarly situated individuals outside of his class were treated more favorably. *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011). The unlawful criterion must be a "substantial motivating factor" in the adverse employment action. *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013).

While Plaintiff can show he is a member of a protected class and he suffered an adverse employment action, he cannot show, or raise a triable issue of material fact, that he was performing his job competently or any circumstances suggesting his termination was discriminatory. Walmart established it terminated Plaintiff's employment because of his long running deficient job

///

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

3                                   Case No.  24-CV-08376 NC
DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ

performance. (Reddy Decl., ¶¶20-30, Exhs. C-O.) He therefore cannot establish he was competently performing in his job and his *prima facie* case fails.

To this end, Walmart showed his performance was significantly deficient. (*Id*.) Plaintiff has not effectively disputed this fact. Plaintiff's contention that "[a]ppraisal remarks for the same duration (Exhibit H) shows an appraisal remark of 'successful' meaning plaintiff was doing his job well, and this rating was by Mr. Reddy himself" is without merit. (Opp., p. 9:10-11.) The "successful" rating is the second lowest rating on the performance scale. (Reddy Decl. ¶21.) Thus, far from showing he was competently performing his job, it shows he was not. Plaintiff's contention that "[t]here has never been any reported issues with plaintiff's performance during the aforementioned period [February 1, 2022 to January 31, 2023] or afterwards" ignores the undisputed evidence establishing that he was put on multiple disciplinary actions for performance. (Reddy Decl., ¶¶ 25, 28, Exhs. J & K.) His statement also ignores Mr. Reddy and other individual's assessments. (*Id*. At ¶¶20-30, Exhs. C-O.)

Plaintiff's only response to this substantial evidence is to make the unsupported assertion that "[e]verything in the disciplinary action document[s] was a fabrication." (See e.g., Opp., pp. 11:26. 12:15-29.) It is well-established that a plaintiff's subjective opinion of his/her own performance is not sufficient to raise a triable issue of material fact. *Bradley v. Harcourt, Brace & Co*., 104 F.3d 267, 270 (9th Cir. 1996) ("an employee's subjective personal judgment of her[/his] competence alone do not raise a genuine issue of material fact"); *Horn v. Cushman & Wakefield Western, Inc*., 72 Cal.App.4th 798, 816 (1999). Plaintiff's purported self-assessment does not raise a triable issue of fact based on these well-established authorities.

Moreover, as Walmart established in its moving papers, Plaintiff failed to raise a triable issue of material fact suggesting a discriminatory motive. First, Plaintiff has not identified any similarly situated individuals that were treated more favorably than him. Second, Plaintiff does not dispute that Mr. Reddy was involved in recommending his hiring and his termination. See *Coghlan v. American Seafoods Co., LLC*, 413 F.3d 1090, 1097 (9th Cir. 2005). That the same actor was responsible, or at least significantly involved in the hiring and firing decisions, precludes Plaintiff from establishing any circumstances suggesting his national origin played any part in his termination. *Coghlan*, 413 F.3d at 1097 ("the point of the same-actor inference is that the evidence rarely is 'sufficient ... to find that the

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

employer's asserted justification is false' when the actor who allegedly discriminated against the plaintiff had previously shown a willingness to treat the plaintiff favorably.")  Finally, Plaintiff admitted in his deposition he does not believe Walmart discriminated against him.  (Emmert Decl., Exh. A, pp. 86:11-16, 118:25-119:24.)  Thus, Plaintiff cannot establish his *prima facie* cause and his discrimination claim fails as a matter of law.

Plaintiff's Opposition is nothing more than his conclusory and speculative assertions disagreeing with Walmart's evidence and its conclusions.  This is not sufficient to raise a triable issue of material fact as a matter of law.  *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

### 2.   Walmart Established It Terminated Plaintiff's Employment For A Legitimate Non-Discriminatory Reason.

Even if Plaintiff could establish his *prima facie* case, Walmart established it terminated his employment for a legitimate non-discriminatory reason, *i.e.*, Plaintiff's persistent poor job performance.  (Reddy Decl., ¶¶20-30, Exhs. C-O.)  Poor job performance is a legitimate non-discriminatory reason for terminating an employee's employment.  See *Loggins v. Kaiser Permanente Internat.*, 151 Cal.App.4th 1102, 1111 (2007).  Accordingly, Walmart met its burden of establishing it terminated Plaintiff's employment for a legitimate non-discriminatory business reason and Plaintiff cannot establish its stated reason was a pretext for unlawful discrimination.

### 3.   Plaintiff Cannot Establish Walmart's Stated Reason For Terminating His Employment Was A Pretext For Unlawful Discrimination.

As Walmart also established in its moving papers, to overcome its legitimate reason for terminating his employment, Plaintiff must produce substantial evidence establishing its stated reason was a pretext for terminating his employment.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000).  To do so, Plaintiff must "offer substantial evidence" that Walmart's "stated non-[discriminatory] reason . . . was untrue or pretextual . . . such that a reasonable trier of fact could conclude that [Defendant] engaged in" unlawful conduct.  *Hersant v. California Dept. of Social Services*, 57 Cal. App. 4th 997, 1004-1005 (1997); see also *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215 (1999).  He must also produce "specific facts" demonstrating a discriminatory motive

///

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

5                       Case No.  24-CV-08376 NC
DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ

on the part of the decision makers. *Jurado v. Eleven-Fifty Corp.*, 813 F. 2d 1406, 1409-1411 (9th Cir. 1987). He has not done so.

Plaintiff cannot satisfy this burden by relying upon the same evidence he used to establish his prima facie case. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998). Likewise, Plaintiff cannot establish pretext by simply denying the credibility of Walmart's witnesses. *Wallis v. J.R. Simplot, Co.*, 26 F.3d 885, 890 (9th Cir. 1994). As Walmart established in its moving papers, "'[p]retext' is 'more than a mistake on the part of the employer; pretext "means a lie, specifically a phony reason for some action.' [citation.] Thus, '[t]he issue of pretext does not address the correctness or desirability of [the] reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers.'" *Miller v. American Family Mut. Inc. Co.*, 203 F.3d 997, 1008-1009 (7th Cir. 2000); *Hersant*, 57 Cal.App.4th at 1005 ("[t]he [employee] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.") A suspicion of improper motives, based on conjecture and speculation, is insufficient to carry that burden. *Martin v. Lockheed Missiles & Space Co., Inc.*, 29 Cal.App.4th 1718, 1735 (1994); *Kerr v. Rose*, 216 Cal.App.3d 1551, 1563-64 (1990).

Plaintiff's entire pretext argument is based on his subjective opinion that his job performance was never an issue. (Opp., pp. 9:3-11:13, 19:5-19.)[2] As stated above, Plaintiff's assessment of his own job performance cannot create a triable issue of material fact. *Horn*, 72 Cal.App.4th at 816 ("an employee's subjective personal judgments of his or her competence alone do not raise a genuine issue of material fact"); *Featherstone v. Southern California Permanente Medical Group*, 10 Cal.App.5th 1150, 1159 (2017) (employees' "subjective beliefs ... do not create a genuine issue of fact; nor do uncorroborated and self-serving declarations.")

Moreover, in situations such as this "where the same actor is responsible[/involved] for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." *Coghlan*, 413 F.3d at 1096.

---

[2] While Plaintiff also claims that he was allegedly "demot[ed] from Manager II to Manger I", his contention is without merit. Plaintiff was never offered the Senior Manager II role.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

6    Case No.  24-CV-08376 NC

Courts have interpreted "a short period " to mean as many as five years between the hiring and firing of an employee. *West v. Bechtel Corp*., 96 Cal.App.4th 966, 981 (2002); *Coghlan*, 413 F.3d at 1097 (applying the same-actor inference when three years lapsed between hiring and the adverse employment action.)  The same actor inference is a "strong inference" that a court must take into account on a summary judgment motion." *Coghlan*, 413 F.3d at 1098.

In this action, Mr. Reddy recommended Plaintiff's hiring in October 2021 and recommended Plaintiff's employment be terminated in November 2023.  (Reddy Decl., ¶¶5, 30.)  Because Mr. Reddy was involved in both decisions, and the evidence establishes that Plaintiff's job performance was significantly deficient and longstanding, Plaintiff cannot establish Walmart's stated reason for terminating his employment was pretextual.  Walmart's motion must therefore be granted.

### B. Walmart Is Entitled To Summary Judgment On Plaintiff's Second Claim For Relief For Retaliation In Violation Of The FEHA.

To establish a *prima facie* claim for FEHA retaliation, Plaintiff "must show (1) he [] engaged in a 'protected activity,' (2) [Walmart] subjected [him] to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc*., 36 Cal.4th 1028, 1042 (2005).  Walmart established Plaintiff cannot do so.  Plaintiff has not raised a triable issue of material fact otherwise.

### 1. Plaintiff Has Not Established He Engaged In Any Protected Activity Under The FEHA.

Protected activity under the FEHA is limited to complaints/reports "that the employer has engaged in an unlawful employment practice prohibited by the FEHA." *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 380 (2015) ("protected activity takes the form of opposing any practices forbidden by FEHA or participating in any proceeding conducted by the [Department of Fair Employment and Housing] or the Fair Employment and Housing Council (FEHC)"); see also Dinslage v City & Cnty. Of San Francisco, 5 Cal.App.5th 368, 382 (2016) (affirming order granting summary judgment on the plaintiff's FEHA retaliation claim because none of the plaintiff's alleged protected activities express opposition to practices made unlawful by the FEHA).  It does not cover "complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct" under the FEHA.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

7          Case No.  24-CV-08376 NC
DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ

*Yanowitz*, 36 Cal.4th 1047-1048. Plaintiff admitted his alleged complaints are properly classified as personal grievances, rather than regarding any FEHA protected activity.

The only alleged protected activity Plaintiff claims to have engaged in is complaining that Walmart offered and hired him into the Senior Manager I role rather than a Senior Manager II role that Plaintiff wanted. (Opp., pp. 21:17-22:20.) Indeed, Plaintiff could not have been clearer on this point as he admitted the gravamen of his complaint was that he had been "defraud[ed]" into accepting the Senior Manager I role. (Opp., p. 21:23-27; Emmert Decl., Exh. D; Compl., ¶¶8-32.) He did not claim he did not get the job because of his protected class. (*Id.*) Rather, he simply complained that he thought he had been lied to. (*Id.*) Such a complaint is properly classified as a complaint regarding a personal grievance that does not constitute protected activity as a matter of law. See *Yanowitz*, 36 Cal.4th 1047-1048. Indeed, by its own terms, the FEHA does not apply to claims of alleged fraud. Cal. Gov. Code § 12940(h). Walmart's motion should therefore be granted.

**2.      Plaintiff's Retaliation Claim Fails Because He Cannot Establish Any Alleged Protected Activity Is Causally Related To His Alleged Adverse Employment Action.**

Even if Plaintiff could establish that he engaged in a FEHA protected activity, he still cannot make out his *prima facie* case because any alleged protected activity is too remote in time. This is independently fatal to his retaliation claim.

To show an adverse employment action is causally related to an alleged protected activity, the plaintiff must allege that the "adverse action followed within a relatively short time" after the protected activity. *Morgan v. Regents of University of Cal.*, 88 Cal.App.4th 52, 69 (2000); *Loggins v. Kaiser Permanente Internat.*, 151 Cal.App.4th 1102, 1102 (2007). Gaps of more than six (6) months between an alleged protected activity and an alleged adverse employment action establish the two (2) events are not causally related as a matter of law. *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000); *Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003) (nine month period too attenuated to infer causation); *Cronwell v. Electra*, 439 F.3d 1018, 1035-1036 (9th Cir. 2003) (eight month period too great to find that the protected activity and the adverse employment decision were causally related); *Tungjunyatham v. Johanns*, 2009 WL 3823920,*17 (E.D. Cal. 2009) (granting defendant's motion for summary judgment on the plaintiff's retaliation claim because of a six month gap between

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ

the alleged protected activity and the alleged adverse employment action); *Beagle v. Rite Aid Corp.*, 2009 WL 3112098,*12 (N.D. Cal. 2009) (gap of nine months between protected activity and adverse employment action to great).

The only adverse employment action Plaintiff identified in his Complaint is his termination. (Compl.) Plaintiff, however, raised the issue regarding his job position by at least the date he started, April 2022. (Reddy Decl., ¶15.) He was not terminated until November 7, 2023, more than a year later. (Reddy Decl., ¶30.) As a result, his termination is not causally related to his alleged complaints regarding his job position as a matter of law. See *Ray*, 217 F.3d at 1244; *Manatt*, 339 F.3d at 802.

### 3. Walmart Established It Terminated Plaintiff's Employment For A Legitimate Non-Retaliatory Reason – His Deficient Job Performance.

Even if Plaintiff could establish a *prima facie* claim for alleged retaliation, Walmart's motion still must be granted because it terminated his employment for a legitimate non-retaliatory reason, his deficient job performance. *Clark v. Claremont Univ. Ctr.*, 6 Cal.App.4th 639, 664-664 (1992). Walmart's burden of establishing its legitimate non-retaliatory reason is significantly less than the burden of proving the absence of any improper motive because the burden of proving retaliation rests on Plaintiff at all times. *Id*. Once Walmart shows it terminated Plaintiff's employment for a non-retaliatory reason, Plaintiff must establish Walmart's stated reasons were false. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993).

As established above, Walmart terminated Plaintiff's employment because of his long running deficient job performance. (Reddy Decl., ¶¶20-30, Exhs. C-O.) Again, this is a legitimate non-retaliatory reason for terminating an employee's employment. See *Loggins*, 151 Cal.App.4th at 1111. Accordingly, Walmart met its burden of establishing that it terminated Plaintiff's employment for a legitimate non-retaliatory business reason. Plaintiff cannot establish Walmart's stated reasons for terminating his employment was a pretext for unlawful retaliation.

### 3. Plaintiff Failed To Show That Walmart's Stated Reasons For Terminating His Employment Was A Pretext For Unlawful Retaliation.

As discussed above, in order to overcome Walmart's legitimate reason for terminating his employment, Plaintiff is required to produce substantial evidence establishing its stated reason was a pretext for terminating him in retaliation for his submitting his time record showing he worked

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

9 Case No. 24-CV-08376 NC
DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ

overtime. As with his discrimination claims, to establish Walmart's stated reasons for terminating his employment was a pretext for unlawful retaliation, Plaintiff is required to "offer substantial evidence" that Walmart's "stated non-[retaliatory] reason for the adverse action was untrue or pretextual . . . such that a reasonable trier of fact could conclude that [Defendant] engaged in" unlawful conduct. *Hersant*, 57 Cal. App. 4th at 1004-1005. Plaintiff has not done so.

Plaintiff relies on the same alleged argument to show pretext in this claim as in his discrimination claim. (Opp., pp. 23:16-24:4.) For the same reasons stated above, Plaintiff has not and cannot meet his burden of establishing Walmart's stated reasons for terminating his employment were pretextual. Walmart's motion should therefore be granted.

### C. Walmart Is Entitled To Summary Judgment On Plaintiff's Wrongful Termination In Violation Of Public Policy Claim.

Plaintiff's final claim for relief is for wrongful termination in violation of public policy. This claim is based on the same allegations as his first two claims for relief. (See Compl.) Because Plaintiff cannot establish either his first or second claims for relief, *this* claim also fails as a matter of law. *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1169. ("[u]nder California law, if an employer did not violate FEHA, the employee's claim for wrongful termination in violation of public policy necessarily fails.")

## III.    CONCLUSION

For the reasons stated in Walmart's moving papers and above, Walmart requests the Court grant it's motion in full, dismiss Plaintiff's claims for relief discrimination, retaliation, and wrongful termination and enter judgment in favor of Walmart.

Dated: April 14, 2026

LITTLER MENDELSON, P.C.

Benjamin A. Emmert

Attorneys for Defendant
Walmart Inc.

LITTLER
MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4886-4077-5421.1 / 080000-4383

DEFENDANT WALMART INC.'S REPLY MPA ISO MSJ/PARTIAL MSJ