Bhanu Prakash
22330 Homestead Rd
Cupertino, CA 95014
+1 (415) 825-7830
prakash.legal@proton.me

Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BHANU PRAKASH,<br><br>Plaintiff,<br><br>v.<br><br>WALMART Inc., Kiran Reddy and Does One through Twenty,<br><br>Defendants. | Case No. 5:24-cv-08376-NC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS REPLY**<br><br>Date: April 29, 2026<br>Time: 11:00 a.m.<br>Courtroom: 5 (4th Floor)<br>Judge: HON. NATHANAEL M. COUSINS |

Plaintiff respectfully submits this response to Defendant's recent reply (ECF No. 76) to Plaintiff's opposition (ECF No. 69) to the motion for summary judgment (ECF No. 42). Defendant's response constitutes a mere perfunctory amendment to their original motion. Defendant has conspicuously neglected to address the substantial challenges posed to their purported material facts. Furthermore, they have failed to counter the compelling direct evidence of national origin discrimination and retaliation presented by Plaintiff. The absence of any substantive rebuttal to these pivotal arguments underscores the inadequacy of Defendant's position. In light of these deficiencies, Plaintiff respectfully urges the Court to deny Defendant's motion for summary judgment, as the unaddressed evidence and arguments clearly preclude the granting of such relief.

Defendant's reliance on case law, devoid of corroborating documentary evidence, fails to substantiate their claims. Key deficiencies include:

**1. Inadmissibility and Irrelevance of Material Facts**: Defendant's statements of material facts (ECF No. 69, at 5 ¶D) are either inadmissible or irrelevant. Their argument hinges on Plaintiff's alleged job performance issues, yet no credible documentation supports this claim (ECF No. 69, at 9 ¶7.). Furthermore, Defendant's assertion of the same-actor defense is invalid, as Mr. Reddy was not involved in Plaintiff's interviews, or offer (ECF No. 69, at 6:20-22), he was just as involved as everybody else. All statements of fact have been disputed or deemed irrelevant, and Defendant has failed to addressed any of these challenges in their recent submission. As stated in the original motion, in this age of connectivity, this lack of contemporaneous documentation is unusual for such a serious matter. If the Court finds that any of the above material facts are disputed, Defendants' Motion for Summary Judgment must be denied.

**2. National Origin Discrimination**: Plaintiff has presented direct evidence (ECF No. 69, at 15 ¶1) and established a prima facie case of national origin discrimination (ECF No. 69 at 16 ¶a.), supported by credible documentation. Defendant's recent submission fails to counter this evidence with any credible rebuttal.

PLAINTIFF'S RESPONSE TO DEFENDANTS REPLY

**3. Retaliation**: Plaintiff has similarly established direct evidence (ECF No. 69, at 20 ¶2) and a prima facie case for retaliation (ECF No. 69, at 21 ¶a.), with credible documentation unchallenged by Defendant's evidence.

**4. Wrongful Termination**: Plaintiff has clearly substantiated the wrongful termination claim with credible evidence (ECF No. 69, at 24 ¶3), which remains uncontested by Defendants.

Given the complete lack of credible evidence supporting Defendant's statements of disputed facts and the absence of any substantive rebuttal to Plaintiff's critical arguments, Plaintiff respectfully urges the Court to deny Defendant's motion for summary judgment in its entirety.

Date:   April 15, 2026               By:   _____

Bhanu Prakash
Plaintiff, Pro Se