United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BHANU PRAKASH,

Plaintiff,

v.

WALMART INC.,

Defendant.

Case No. 24-cv-08376-NC

**ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND RULE 56(D) MOTION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: ECF 42, 81

This civil case arises out of Defendant Walmart Inc.'s termination of Plaintiff Bhanu Prakash. Prakash alleges that Walmart (1) discriminated against Prakash based on national origin in violation of California's Fair Employment and Housing Act (FEHA), (2) retaliated against Prakash in response to his complaints about Walmart's national origin discrimination in violation of FEHA, and (3) wrongfully terminated Prakash in violation of public policy.

Walmart moved for summary judgment on each claim. ECF 42 (Mot.). In response to Walmart's motion and his counsel's withdrawal, Prakash, now pro se, requested the Court to reopen discovery and compel additional discovery. ECF 51; ECF 55. The Court denied Prakash's request and affirmed its decision. ECF 60; ECF 77. Prakash then filed a motion for clarification for the Court's orders at ECF 60 and ECF 77 and a Federal Rule of Civil Procedure 56(d) motion to deny Walmart's motion for summary judgment. ECF 81.

The Court now assesses both Prakash's motion for clarification and Rule 56(d) motion and Walmart's motion for summary judgment.

Because Prakash did not establish that clarification of the Court's orders is necessary or that additional discovery is essential to oppose summary judgment, the Court DENIES Prakash's motion for clarification and his Rule 56(d) motion. Further, the Court finds that Prakash did not establish a prima facie case of discrimination or retaliation and therefore GRANTS Walmart's motion for summary judgment.

## I.    BACKGROUND

### A.    Factual Background

#### 1.    Prakash's Hiring Process with Walmart

On August 25, 2021, a recruiter from Walmart reached out to Prakash to inform him that a Manager II position was open. ECF 1-1 (Compl.) ¶ 8. On September 20, 2021, Prakash sent the recruiter an email stating he was interested in the Manager II position. *Id.* ¶ 9. Starting on September 22, 2021, Prakash went through five rounds of interviews for the Manager II position with Walmart. *Id.* ¶ 10. Kiran Reddy, Walmart's Senior Director of Engineering, was one of the individuals that considered Prakash for these roles. Reddy Decl. ¶¶ 2, 3, 5. On October 18, 2021, Prakash alleges that Walmart offered him the Manager II position, which he accepted. Compl. ¶ 11. Walmart disputes that Prakash was offered the Manager II position and states that Reddy approved an offer to Prakash for the Manager I position. ECF 42 (Mot.) at 11, 16.

On October 24, 2021, Prakash signed a form stating that Walmart hired him in a Manager I role. Compl. ¶¶ 13–14. Prakash held an O1 visa at the time. *Id.* ¶ 12. Walmart offered to sponsor Prakash for an H1B visa, but Prakash wanted to keep his O1 visa and requested his start date be delayed while the O1 visa was processed. Mot. at 11. Reddy agreed to delay Prakash's start date so he could take care of his visa issues. *Id.*

On February 2, 2022, Reddy offered him a job as a contractor until the visa was approved. Compl. ¶ 16; Mot. at 11. On March 3, 2022, Walmart onboarded Prakash as a contractor. Compl. ¶ 17. Walmart alleges that Prakash received his green card in April

2022, allowing him to work at Walmart. Mot. at 11. On April 18, 2022, Walmart onboarded Prakash as a full-time employee in the Manager I position. Compl. ¶ 19; Mot. at 12. Prakash reported to Reddy. ECF 42-2 (Reddy Decl.) ¶¶ 21–22.

### 2. Prakash's Job Performance at Walmart

For the period of February 2022 to January 2023, Reddy gave Prakash an annual evaluation rating of "successful." ECF 72 (Prakash Decl.) ¶ 33; ECF 73, Ex. H. In doing so, Reddy identified, among other things, that the "team was able to setup organized project delivery rhythm" under his leadership and that he "showed passion in understanding the system and improve them." ECF 73, Ex. H. Reddy also identified two "areas of opportunity." *Id.* Throughout this time, Reddy scheduled meetings to help Plaintiff improve his job performance. Reddy Decl. ¶ 20. Prakash alleges that he shared "many of his achievements with Mr. Reddy for appraisal purposes" but that Reddy "chose to consider only a few of them." Prakash Decl. ¶ 12.

As part of preparing Prakash's mid-year review in 2023, Reddy relied on his own observations of Plaintiff's job performance and solicited feedback from other stakeholders. Reddy Decl. ¶¶ 22–25, Exs. C and D. The feedback Reddy received from others was consistent with his observations that Plaintiff was not performing his job duties up to expectations and was not effective in his managerial role. *Id.* For example, Reddy was told that Prakash completely stopped managing the team between January and May 2023, and that, when he was managing the team, his management skills were questionable. *Id.* As a result, Reddy gave him a rating of "mostly successful." *Id.* This mid-year review was issued in about August 2023. *Id.* Reddy continued to provide feedback and guidance and scheduled meetings to help Plaintiff improve his job performance. *Id.*

On September 1, 2023, Reddy, in consultation of Walmart's Human Resources (HR) Department, decided to put Prakash on a performance improvement plan, called a Disciplinary Action (DA1) Yellow, the lowest level of formal disciplinary action. Mot. at 14; Compl. ¶ 29. The DA1 Yellow reiterated Prakash's performance issues that Reddy had previously discussed with Prakash and required him to show improvement within the

United States District Court
Northern District of California

next three to four weeks.  Mot. at 15.  After Prakash was issued the DA1 Yellow, Reddy attempted to have follow up meetings with Prakash to discuss it, but Prakash refused to do so.  *Id.*  On September 15, 2023, Prakash sent an email to Reddy disagreeing with the reasons for the DA1 Yellow.  ECF 72, Ex. I.  Prakash opened a complaint about the issued DAI Yellow, which he escalated after the complaint was closed.  *Id.*, Exs. L and N. Prakash also sent an email up the ladder to about his complaint.  *Id.*, Ex. T.

On October 4, 2023, because Prakash had not shown any improvement and refused to meet with Reddy, his DA1 Yellow was changed to a DA3 Red.  Mot. at 15.  The DA3 Red reiterated the same deficient job performance noted in his DA1 Yellow.  *Id.*

By October 17, 2023, Prakash's job performance had still not improved as he was still not effectively managing his team and was still refusing to meet with Reddy regarding his job performance.  *Id.*

By November 7, 2023, Reddy found that Prakash had not shown improvement in his job performance and had not met the criteria specified in his DA1 Yellow or his DA3 Red.  *Id.*  Consequently, in consultation with Walmart's HR Department, Reddy made the decision to terminate his employment.  *Id.*  Prakash was terminated on November 7, 2023. *Id.* at 16.

### 3.    Prakash's Complaints to Walmart

From the time he was onboarded on April 18, 2022, Prakash informed Reddy that he had been pushed through as a Manager I to jump start the visa process with the promise of receiving the Manager II job once he started work.  Compl. ¶ 20.  Between June and December 2022, Prakash continually raised the issue of him applying and accepting the Manager II role but working as a Manager I.  *Id.* ¶ 23.

In June 2023, Prakash emailed the Global Ethics team at Walmart about a "hiring and immigration scam [he was] fighting" that detailed Walmart's alleged Manager I/Manager II fraud against Prakash.  Mot. at 21; ECF 42-1 (Emmert Decl.), Ex. C–D.  He also sent an email with a spreadsheet that allegedly showed research that was "executed among his immediate peers" and "demonstrated that he was either overqualified or on par

with the original role from which he was demoted." Opp'n at 69 (citing ECF 73, Ex. R).

Between August 5, 2023, and August 22, 2023, Prakash published an article about Walmart's alleged illegal hiring practices, without referencing Walmart. Opp'n at 12; ECF 73, Ex. K. Around August 21, 2023, Prakash shared this article within Walmart's internal teams and in a global team meeting that included leaders at Walmart. Prakash Decl. ¶ 17.

On August 30, 2023, Prakash submitted a request to Walmart for statistics, including background, race, and nationality, on how many people get "downgraded" to ensure that he was "not being treated any different." ECF 73, Ex. Q.

On July 3, 2023, Prakash complained to Reddy in an email that the decision not to place him in the Manager II position may be based upon race or national origin. *Id.* ¶ 26.

### B.    Procedural Background

On June 26, 2024, Prakash filed a complaint in the Superior Court of California for the County of Santa Clara against Walmart and Reddy. ECF 1; ECF 3. On November 24, 2024, Walmart properly removed the case to this Court. ECF 1; ECF 3.

Walmart moved to dismiss Prakash's complaint. ECF 7. The Court granted Walmart's motion and dismissed the following claims: the FEHA national origin discrimination claim against Reddy, the FEHA retaliation claim against Reddy, the negligent training and supervision claim against Walmart, the fraud claim against Reddy and Walmart, the negligent misrepresentation claim against Reddy and Walmart, and all claims against Doe defendants. ECF 21. Prakash elected to not amend his complaint. ECF 25. This left three remaining claims, all against Walmart: (1) the FEHA national origin discrimination claim, (2) the FEHA retaliation claim, and (3) the wrongful termination claim. There are no remaining claims against Reddy.

The deadline for fact discovery was set for October 3, 2025. ECF 28. The Court extended the deadline to November 28, 2025, pursuant to the parties' stipulation. ECF 35.

Prakash's now former attorney, James Dal Bon, moved to withdraw as attorney on December 18, 2025. ECF 40. The Court granted this motion, and Prakash continued to proceed in the case pro se on February 2, 2026. ECF 51; ECF 52.

Following Dal Bon's withdrawal, Prakash moved the Court to reopen discovery on February 11, 2026, alleging incomplete responses to his discovery requests. ECF 55. The Court denied this request for lack of good cause on February 19, 2026. ECF 60. Prakash moved to be relieved from the Court's order at ECF 60 on March 5, 2026, which the Court denied on the same day. ECF 63; ECF 64. On the same day on March 5, 2026, Prakash filed a motion for reconsideration, again challenging the Court's order at ECF 60. ECF 65. The Court denied Prakash's motion for lack of good cause on April 14, 2026. ECF 77. Prakash then filed a motion for clarification for the Court's orders at ECF 60 and ECF 77, as well as a Rule 56(d) motion on April 20, 2026. ECF 81.

Walmart moved for summary judgment on December 19, 2025. Mot. Prakash opposed on April 2, 2026. ECF 69 (Opp'n). Prakash filed a declaration and exhibits in support of his opposition at ECF 72 and 73. Walmart replied on April 14, 2026. ECF 76 (Reply). Prakash filed an improper sur-reply at ECF 79 on April 15, 2026, which Prakash requested to strike after the Court issued an order to show cause why the Court should not strike it. ECF 82; ECF 83.

The Court held a hearing on Prakash's motion for clarification and Rule 56(d) motion and Walmart's motion for summary judgment on April 29, 2026. ECF 85.

All parties consented to magistrate judge jurisdiction. ECF 10; ECF 15.

## II.    LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

## III.    DISCUSSION

The Court assesses Prakash's motion for clarification and Rule 56(d) motion.  It then assesses Walmart's motion for summary judgment.

### A.    The Court Denies Prakash's Motion for Clarification

The Court first assesses Prakash's motion requesting the Court to clarify its orders at ECF 60 and ECF 77.  ECF 81.  The Court's order at ECF 60 denied Prakash's motion to reopen discovery, compel additional discovery, and impose sanctions.  The Court's order at ECF 77 denied Prakash's motion for reconsideration of ECF 60.

Prakash cites irrelevant cases to support his motion.  He cites a case where a district court was asked to clarify the scope of an injunction and two cases where clarification is not at issue.  *F.V. v. Jeppesen*, 466 F. Supp. 3d 1110 (D. Idaho 2020) (analyzing when a court should clarify the scope of an injunction); *Clark v. Wash. State Dep't of Health,* 735 F. Supp. 3d 1334 (W.D. Wash. 2024) (discussing Eleventh Amendment immunity, failure to state a claim, service of process, and appointment of counsel); *Alexander v. City of Syracuse*, 132 F.4th 129 (2d Cir. 2025) (ruling on a motion for summary judgment).

Regardless, Prakash does not establish—and the Court does not find—that any additional clarification is warranted.  While there is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to

United States District Court
Northern District of California

alter or amend." *McElroy v. Sifre,* No. 23-cv-00451-ART-CSD, 2025 WL 3124286, at *1 (D. Nev. Nov. 7, 2025). As such, motions for clarification "are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." *Id.* The Court's rulings at ECF 60 and ECF 77 were clear about its scope and impact—the parties could not reopen discovery or compel additional discovery. In making this decision, the Court considered all available briefings and proceedings to determine that Prakash did not "establish excusable neglect for the litigation decisions made by plaintiff's prior counsel" and that Walmart did not make "material misrepresentations that the Court relied on." ECF 60; ECF 77. Prakash has not identified any uncertainty about the scope or interpretation of the ruling. *See* ECF 81 at 4 (listing two arguments from his motions at ECF 55 and ECF 65 and a new consideration for the Court).

The Court therefore denies Prakash's motion for clarification.

### B.    The Court Denies Prakash's Rule 56(d) Motion

The Court next assesses Prakash's motion to apply Rule 56(d) to deny Walmart's motion for summary judgment.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). A party seeking Rule 56(d) relief bears the burden of demonstrating that "(1) it has set forth in affidavit [or declaration] form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary

judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)); Fed. R. Civ. P. 56(d) (permitting affidavit or declaration).

Prakash did not fulfill his burden of demonstrating that the facts he seeks to elicit from discovery are essential to opposing summary judgment. Prakash cites to his declarations at ECF 57 and ECF 72 to identify specific facts he hopes to elicit from further discovery. ECF 81 at 4. However, both declarations merely identify documents Prakash alleges are missing from Walmart's discovery and do not explain how the facts derived from those documents are essential to opposing summary judgment. *See Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827. At most, they conclusorily state that the documents are "foundational to rebutting the 'Motion for Summary Judgement's' [sic] key assertions." ECF 57 ¶¶ 9–10. This is not enough. *See Estrada v. Mayorkas,* 347 F.R.D. 36, 37 (N.D. Cal. 2024) (finding it was not enough to allege that the discovery would "allow the parties and the Court to resolve genuine issues of material fact").

While Prakash argues that he should be given a more lenient standard because he is a pro se litigant, he is "not relieved from the obligation of complying with the summary judgment rules." *Casumpang v. Hawaiian Com. & Sugar Co.*, 712 Fed. App'x 709, 709 (9th Cir. 2018). Prakash has had sufficient opportunity to conduct and receive discovery. *Cf. Fin. Ventures v. King*, 131 F. Supp. 3d 677, 691 (W.D. Ky. 2015) (finding it was better to allow the record to be more developed because the parties had engaged in only very limited discovery in this pro se case). The Court also notes that Prakash's Rule 56(d) motion, at its essence, requests the Court to reopen discovery for the fourth time after failing to persuade the Court to do so the previous three times. ECF 60; ECF 64; ECF 77.

Prakash has not met his burden for Rule 56(d) relief, and the Court DENIES his Rule 56(d) motion to deny Walmart's motion for summary judgment.

9

### C. The Court Grants Walmart's Motion for Summary Judgment

The Court then assesses Walmart's motion for summary judgment for Plaintiff's three remaining claims: (1) national origin discrimination in violation of the FEHA, (2) retaliation because of Plaintiff's opposition to Walmart's alleged national origin discrimination in violation of the FEHA, and (3) wrongful termination in violation of public policy. ECF 42 at 17.

As an initial matter, if there is no direct evidence of discrimination or retaliation under FEHA, the Court applies the *McDonnell Douglas* burden-shifting framework on a motion for summary judgment. *Lannon v. Wells Fargo Bank, N.A.*, No. 16-cv-02617-CAB-BGS, 2017 WL 3288584, at *3 (S.D. Cal. Aug. 1, 2017) (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) and *Schechner v. KPIX-TV*, 686 F.3d 1018, 1023 (9th Cir. 2012)). The *McDonnell Douglas* framework has three steps. First, the plaintiff has the "initial burden of establishing a prima facie case of discrimination [or retaliation]." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)). Second, the burden shifts to the defendant to show either that a plaintiff cannot establish an element of the claim or that there was a "legitimate, nondiscriminatory [or nonretaliatory] reason for its decision to terminate plaintiff's employment." *Id.* (citations omitted). Third, the burden shifts back to the plaintiff to show that "the employer's showing was untrue or pretextual." *Id.* at 746 (citations omitted).

Here, Prakash does not point to any direct evidence of discrimination or retaliation. *See* Emmert Decl., Ex. A, pp. 86:11–16, 118:25–119:24 (Prakash stating he did not know "whose nationality, race, age, or sex" Reddy based the termination on and was not "making a complaint that [he] was discriminated against based upon [his] nationality, race, age or sex."). As such, the Court uses *McDonnell Douglas* framework to assess both claims.

10

**1.**    **The Court Grants Summary Judgment as to Prakash's Discrimination Claim Because He Did Not Establish a Prima Facie Case of Discrimination**

Plaintiff's discrimination claim under FEHA alleges that the "discharge of Plaintiff's employment by Defendants constitutes discrimination based on national origin." Compl. ¶ 36.

A prima facie case of discrimination under FEHA requires the plaintiff to provide evidence that: (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, and (4) some other circumstance suggests discriminatory motive. *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011). "While the plaintiff's prima facie burden is not onerous, he must at least show actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion." *Guz v. Bechtel Nat. Inc*., 24 Cal. 4th 317, 355 (2000) (cleaned up) (citations omitted). The Court need not assess the first three elements of Prakash's prima facie case because it finds that he has not established the fourth element—that some other circumstance suggests a discriminatory motive in his termination.

Prakash first argues that Walmart's discriminatory motive was established by Exhibit R, which he alleges showed research that was "executed among his immediate peers" that were "similarly situated" and "demonstrated that he was either overqualified or on par with the original role from which he was demoted." Opp'n at 69. It is true that establishing that "similarly situated individuals outside of his protected class were treated more favorably" can show a discriminatory motive. *Kodwavi v. Intercontinental Hotels Grp. Res., Inc.,* 966 F. Supp. 2d 971, 983 (N.D. Cal. 2013) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). However, Exhibit R does not show that these "immediate peers" were outside his protected class. *See* ECF 73, Ex. R. Further, the exhibit does not show that these peers displayed similar conduct to Prakash. ECF 73, Ex.

R; *see Kodwavi*, 966 F. Supp. 2d at 983 (stating that "when disciplinary action is involved," a legitimate comparator would be another employee who allegedly engaged "in problematic conduct of comparable seriousness").

Prakash then argues that Walmart's failure to respond to Prakash's email asking if data existed regarding "background, race, nationality etc." on "how many folks generally get downgraded" suggests a discriminatory motive. *See* Opp'n at 18; ECF 73, Ex. Q. Prakash did not point the Court to a case where speculation of what data *could* show equates to triable issue of fact that the company had a discriminatory motive. *See* Opp'n at 18 (citing only cases for the proposition that courts can look at circumstantial evidence). Indeed, the Ninth Circuit has found statistical evidence to be probative of motive in a discriminatory pattern only when statistical disparities are actually presented. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005) (listing cases). The Court cannot evaluate data that it does not have. *Vaughn v. City of N.Y.*, No. 06-cv-6547-ILG, 2010 WL 2076926, at *12 (E.D.N.Y. May 24, 2010) (finding that evidence proffered by plaintiffs is not sufficient because they do not provide context within which to evaluate this evidence). As such, even drawing all justifiable inferences in the light most favorable to Prakash, no reasonable jury could return a verdict finding that Prakash established some other circumstance suggesting discriminatory motive.

Prakash has not fulfilled his initial burden of establishing a prima facie case of discrimination. Thus, the Court GRANTS summary judgment as to Prakash's discrimination claim.

### 2. The Court Grants Summary Judgment as to Prakash's Retaliation Claim Because He Did Not Establish a Prima Facie Case of Retaliation.

Prakash alleges that Walmart retaliated against him in violation of FEHA when it terminated his employment in response to his complaints about Walmart's national origin discrimination. Compl. ¶ 42.

To state a prima facie case for retaliation, the plaintiff must establish: (1) he was engaged in protected activity; (2) defendant took an adverse employment action; and (3) a causal connection existed between plaintiff's protected activity and defendant's adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006). "Protected activity" for purposes of FEHA retaliation involves some level of opposition to employer's actions based on employee's reasonable belief that some act or practice of employer is unlawful. *Kelley v. Corrs. Corp. of Am.*, 750 F. Supp. 2d 1132, 1144 (N.D. Cal. Sep. 30, 2010). Further, there must be some evidence that the employer knew that the employee was engaged in activities in opposition to the employer at the time of the claimed retaliatory action. *Id.* Complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1047 (2005).

The Court goes through each of Prakash's complaints he argues was a protected activity and finds that, drawing all inferences in favor of Prakash, none can be found to be a protected activity under FEHA.

First, Prakash argues that his emails to Walmart's Global Ethics is a protected activity because it highlights "recruitment and immigration malpractices." Opp'n at 21 (citing Emmert Decl., Exs. C–D). Prakash's email describes a "scam" that only happened to him, and only appears, at most, to potentially cover discrimination based on his immigration status. Emmert Decl., Ex. C–D. It does not detail any national origin discrimination in line with Prakash's Complaint's allegations. Compl. ¶ 42. While FEHA prohibits discrimination based on immigration status, a plaintiff cannot raise new theories for the first time on summary judgment. 2 Cal. Code Regs. § 11028; *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006).

Second, Prakash argues that his escalation of his initial ethics complaint where he disputed his disciplinary action is a protected activity. Opp'n at 22 (citing ECF 73, Ex. N). He similarly argues that reporting the same disputed disciplinary action up the chain is a

13

protected activity.  Opp'n at 22 (citing ECF 73, Ex. T).   This escalation does not alert Walmart of an instance of national origin discrimination.  Instead, it is a personal grievance and is not a protected activity.  *See Yanowitz*, 36 Cal. 4th at 1047.

Third, Prakash argues that his publication of an article on Medium about Walmart's illegal hiring practices, as well as his subsequent dissemination of the article within Walmart's internal teams and a global team meeting, is a protected activity.  Opp'n at 12, 22 (citing Prakash Decl. ¶¶ 17, 25; ECF 73, Ex. K).  However, Prakash did not reference Walmart, and as such, it could not be on notice of this complaint.  ECF 73, Ex. K; Opp'n at 12; *see Yanowitz*, 36 Cal. 4th at 1047.  Prakash did not engage in a protected activity by pushing this article to Medium or to teams within Walmart.

Fourth, Prakash argues that an email sent to HR asking them if they "maintain any statistics (background, race, nationality etc.) on how many folks generally get downgraded (X6 to X5) like me" to "make sure this is normal practice and that [he is] not being treated any differently."  Opp'n at 22 (citing ECF 73, Ex. Q).  While this email mentions nationality, it is too vague to put the employer on notice as to what conduct it should investigate.  The email also mentions race, background, and leaves the door open for other statistics, such that Walmart would not know what potential discrimination it should investigate.  S*ee Yanowitz*, 36 Cal. 4th at 1047.  Prakash's email to HR is not protected activity.

The Court finds Prakash cannot establish a prima facie case for retaliation because he fails to show there is a triable issue of material fact that he engaged in protected activity.  Thus, the Court GRANTS summary judgment as to Prakash's retaliation claim.

### 3.    The Court Grants Summary Judgment as to Prakash's Wrongful Termination in Violation of Public Policy Claim

Prakash also brings a wrongful termination in violation of public policy claim, alleging that Walmart terminated his employment "motivated in part by animus towards his national origin and a desire to retaliate against him" despite California having a "strong

public policy against national origin discrimination that encourages employees to complain." Compl. ¶¶ 50–51.

This claim is based on the same allegations of Prakash's first two claims for relief of discrimination and retaliation. Because Prakash cannot establish either discrimination or retaliation, his wrongful termination claim also fails as a matter of law. *Featherstone v. S. Cal. Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1169 (2017) ("Under California law, if an employer did not violate FEHA, the employee's claim for wrongful termination in violation of public policy necessarily fails.").

As such, the Court GRANTS summary judgment as to Prakash's wrongful termination claim.

## IV.   CONCLUSION

In conclusion, the Court DENIES Prakash's motion for clarification and his Rule 56(d) motion. Further, the Court GRANTS Walmart's motion for summary judgment as to all claims.

The Court vacates all hearings. The Court will enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California